IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

|  |  |
|---|---|
| VICTAULIC COMPANY<br>4901 Kesslersville Road<br>Easton, PA 18044-0031,<br><br>Plaintiff,<br><br>v.<br><br>EASTERN INDUSTRIAL SUPPLIES, INC.<br>11 Caledon Court, Suite A<br>Greenville, SC 29615,<br><br>Defendant. | Civil Action No. 6:13-1939-JMC<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Victaulic Company ("Victaulic"), by and through its undersigned counsel, avers as follows for its Complaint against defendant Eastern Industrial Supplies, Inc. ("Eastern"):

### NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

### THE PARTIES

2. Victaulic is a New Jersey corporation with a principal place of business at 4901 Kesslersville Road, Easton, Pennsylvania.

3. On information and belief, Eastern is a South Carolina corporation with a principal place of business at 11 Caledon Court, Suite A, Greenville, South Carolina.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code, and, accordingly, jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1338(a).

5. This Court has personal jurisdiction over Eastern, including because, on information and belief:

   a. Eastern's principal place of business is in this district;

   b. Easternhas sold and offered to sell products, including the infringing products,in this district; and

   c. Eastern owns and operates a distribution center in this districtand the infringing products have been and/or will be distributed by Eastern through that distribution center.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

## VICTAULIC'S PATENTS-IN-SUIT

7. U.S. Patent No. 7,086,131 (the "131 Patent") was duly and legally issued by the United States Patent and Trademark Office to Victaulic on August 8, 2006. A copy of the 131 Patent is attached as Exhibit 1.

8. U.S. Patent No. 7,712,796 (the "796 Patent") was duly and legally issued by the United States Patent and Trademark Office to Victaulic on May 11, 2010. A copy of the 796 Patent is attached as Exhibit 2.

9. By assignment, Victaulic is the sole owner of the entire right, title and interest in and to the 131 and 796 Patents and has the exclusive right to sue for infringement of the 131 and 796 Patents.

10. Victaulic has complied with the patent marking statute, 35 U.S.C. §287.

## THE INFRINGING PRODUCT -THESLIDELOK COUPLING

11. The SlideLok coupling sold by Eastern, and described in more detail in the brochure attached as Exhibit 3, comprises two coupling segments held together by two pairs of bolts and nuts, with an inner gasket.

12. The coupling segmentsfit around two cylindrical pipe segments to be joined together. The segments deform when properly installed on a pipe joint, to conform with the outer surfaces of the pipe segments forming the joint.

## COUNT ONE
## PATENT INFRINGEMENT - U.S. PATENT NO. 7,086,131

13. Victaulic incorporates and realleges paragraphs 1 to 12.

14. Eastern is inducing and contributing to infringement of the 131 Patent,in violation of 35 U.S.C. § 271(b) and (c), including by selling, in this district, the SlideLok coupling and inducing third parties to use the coupling in a manner that infringes the 131 Patent.When one properly installs a SlideLok coupling, one practices the claimed method of the 131 Patent and thus directly infringes the 131 Patent. The SlideLok coupling is a material part of the claimed method of the 131 Patent,is especially made and/or adapted for use in a method that infringes the 131 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

15. Eastern's infringing activities have caused, and are continuing to cause, substantial damage to Victaulic, in an amount to be proven at trial.

16. On information and belief, Eastern will continue to infringe the 131 Patent unless enjoined by this Court.

17. Eastern's infringement of the 131 Patent has been and is willful.

## COUNT TWO
## PATENT INFRINGEMENT - U.S. PATENT NO. 7,712,796

18. Victaulic incorporates and realleges paragraphs 1 to 12.

19. Eastern is inducing and contributing to infringement of the 796 Patent, in violation of 35 U.S.C. § 271(b) and (c), including by selling in this district, the SlideLok coupling and inducing third parties to install the coupling in a manner that infringes the 796 Patent.When one properly installs a SlideLok coupling and uses a properly installed SlideLok coupling, one directly infringes claims of the 796 Patent.  The SlideLok coupling is a material part of the invention defined by claims of the 796 Patent, is especially made and/or adapted for use in a manner that infringes the 796 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

20. Eastern's infringing activities have caused, and are continuing to cause, substantial damage to Victaulic, in an amount to be proven at trial.

21. On information and belief, Easternwill continue to infringe the 796 Patent unless enjoined by this Court.

22. Eastern's infringement of the 796 Patent has been and is willful.

WHEREFORE, Victaulic prays that this Court:

A. Adjudge and decree that Eastern has infringed one or more claims of the 131 and 796 Patents;

B. Preliminarily and permanently enjoin Eastern, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from continuing to infringe the 131 and 796 Patents;

C.    Order Eastern to pay damages sustained by Victaulic by reason of its infringement of the 131 and 796 Patents, together with interest and costs;

D.    Find that this is an exceptional case and order that the damages award be trebled pursuant to 35 U.S.C. §284;

E.    Award Victaulic attorneys' fees pursuant to 35 U.S.C. § 285 and/or any other applicable provision of law; and

F.    Award Victaulic such further relief as this Court deems just and proper.

## JURY DEMAND

Victaulic hereby demands, pursuant to Fed. R. Civ. P. 38, a trial by jury of all issues triable by a jury.

|  |  |
|---|---|
| Charleston, South Carolina<br>Dated:  July 15, 2013 | BARNWELL WHALEY PATTERSON & HELMS, LLC<br><br>BY:   s/ B. Craig Killough<br>M. Dawes Cooke, Jr. (Fed. ID No. 288)<br>B. Craig Killough (Fed. ID No. 2330)<br>John W. Fletcher (Fed. ID No. 9375)<br>P.O. Drawer H (29402)<br>288 Meeting Street, Suite 200<br>Charleston, SC  29401<br>(843) 577-7700<br>Fax: (843) 577-7708<br>Attorneys for Plaintiff |

Of Counsel:
Darle M. Short, Esq.
Meghan Carmody, Esq.
OLIFF & BERRIDGE, PLC
277 S. Washington Street, Suite 500
Alexandria, VA  22314
Telephone: 703-836-6400
Facsimile: 703-836-2787