# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| Victaulic Company, | ) | Civil Action No. 6:13-01939-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Eastern Industrial Supplies, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Victaulic Company ("Victaulic") filed the instant action against Defendant Eastern Industrial Supplies, Inc. ("Eastern"), alleging that Eastern has infringed on its patents by selling a product called a SlideLok pipe coupling. (See ECF No. 1.)  Specifically, Victaulic alleges that a properly installed SlideLok pipe coupling infringes on its ownership of United States Patent Numbers 7,086,131 (the "131 Patent") and 7,712,796 (the "796 Patent") (collectively the "Patents").  (See ECF Nos. 1-1, 1-2.)  Victaulic further alleges that Eastern has induced and contributed to infringement of the Patents by selling the SlideLok pipe coupling and by inducing third parties to use the SlideLok pipe coupling in an infringing manner.  (ECF No. 1.)

This matter is before the court by way of a motion by Eastern to either dismiss the case, stay the action, or transfer the matter to the Northern District of Georgia ("motion to dismiss, transfer, or stay").  (ECF No. 16.)  Victaulic opposes Eastern's motion to dismiss, transfer, or stay in its entirety.  (See ECF Nos. 25, 42.)  For the reasons set forth below, the court **GRANTS IN PART** Eastern's motion to dismiss, transfer, or stay the action; and **TRANSFERS** this case to the United States District Court for the Northern District of Georgia (Atlanta Division).

## I.  RELEVANT BACKGROUND

Victaulic filed a complaint in this action on July 15, 2013, alleging two (2) counts of patent infringement in violation of 35 U.S.C. § 271 against Eastern for selling the SlideLok pipe coupling.  (ECF No. 1 at 4-5.)  The SlideLok pipe coupling is manufactured by Anvil International, LLC ("Anvil"), and is sold by approximately seventy-five (75) distributors in the United States, including Eastern.  (ECF No. 16-1 at 2; see also ECF No. 1-3.)  Anvil is wholly owned by Mueller Water Products, Inc. ("Mueller"), which is headquartered in Atlanta, Georgia.  (ECF No. 16-1 at 2.)  Eastern obtains the SlideLok pipe coupling from Anvil and sells it without modifying it in any way.  (Id.)  Victaulic is a direct competitor of Anvil in the mechanical pipe joining systems market.  (Id.)

In response to Victaulic's complaint, Eastern filed an initial answer and counterclaims on August 30, 2013, and, subsequently, an amended answer and counterclaims on September 20, 2013.  (ECF Nos. 14, 23.)  In both pleadings, Eastern denied the material allegations of the complaint and asserted a counterclaim for declaratory judgment against Victaulic, seeking an order to invalidate the Patents and the right of Victaulic to threaten and/or maintain a suit against Eastern for alleged infringement of the Patents.  (Id.)  Eastern also filed the pending motion to dismiss, transfer, or stay on August 30, 2013.  (ECF No. 16.)

In the motion to dismiss, transfer, or stay, Eastern asserts that the "first-to-file" rule allows the court discretion to either dismiss the case, transfer it to the United States District Court for the Northern District of Georgia (Atlanta Division), or stay the matter pending resolution of a case in the Northern District of Georgia that involves the same patents, legal claims, and similar parties and has been pending in that court since October 3, 2012.  (ECF No. 16-1 (referencing Mueller Water Prods., Inc. v. Victaulic Co., Case No.  1:12-cv-03446-JEC

(N.D. Ga. Oct. 3, 2012) (the "Georgia action" [1].))  Eastern further asserts that the court should use its discretion to ensure that only one court has to address issues common to both cases.  (Id. at 13.)

Victaulic filed an answer to Eastern's counterclaims and opposition to its motion to dismiss, transfer, or stay, on September 23, 2013.  (ECF Nos. 24, 25.)  Victaulic opposes Eastern's motion to dismiss, transfer, or stay, asserting that the first-to-file rule is inapplicable because there are significant differences between the claims, parties, and available relief in this action and the Georgia action.  (ECF No. 25 at 5.)  Victaulic further asserts that the motion to dismiss, transfer, or stay should be denied because this case is in a more advanced posture than the Georgia action and the District of South Carolina is the most convenient forum for Eastern.  (Id. at 11-12.)  In a supplemental brief filed in opposition to the motion to dismiss, transfer, or stay, Victaulic reiterated that the court has wide discretion under the first-to-file rule, arguing that the court should not dismiss the case just because another court granted an identical motion.[2]  (ECF No. 42 at 2-3.)

## II.    LEGAL STANDARD AND ANALYSIS

A.    The First-to-File Rule Generally

The first-to-file rule provides that "when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the

---

[1] Anvil and Mueller filed the Georgia action against Victaulic, seeking a declaration that the Patents were invalid and not infringed by the SlideLok pipe coupling.  (ECF No. 1 (Case No. 1:12-cv-03446-JEC (N.D. Ga. Oct. 3, 2012)).)

[2] The parties made the court aware that an allegedly similar action filed by Victaulic in the Northern District of Texas (Dallas Division) was transferred to the Northern District of Georgia and a second allegedly similar action filed in the District of Utah was dismissed.  Citing Victaulic Co. v. Romar Supply, Inc., No. 3:13-cv-02760-K (N.D. Tex. transferred Nov. 14, 2013); Victaulic Co. v. Scholzen Prods. Co., Case No. 2:13-cv-00651-DS (D. Utah dismissed Oct. 9, 2013).  A third allegedly similar case pending in the Eastern District of Pennsylvania was dismissed on October 4, 2013.  (See ECF No. 29 (Victaulic Co. v. Anvil Int'l, LLC, Case No. 5:12-cv-05985-SD (E.D. Pa. dismissed Oct. 4, 2013)).)

exclusion of another subsequently filed." Allied–Gen. Nuclear Servs. v. Commonwealth Edison Co., 675 F.2d 610, 611 n.1 (4th Cir. 1982) (citing Carbide & Carbon Chems. Corp. v. U.S. Indus. Chems., Inc., 140 F.2d 47, 49 (4th Cir. 1944)).  In general, "the first suit should have priority, absent the showing of balance of convenience in favor of the second action." Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 594–95 (4th Cir. 2004) (quoting Ellicott Mach. Corp. v. Modern Welding Co., Inc., 502 F.2d 178, 180 n.2 (4th Cir. 1974)). When a case falls within the ambit of the first-to-file rule, courts generally will stay, dismiss, or transfer the second-filed case. Harris v. McDonnell, C/A No. 5:13-cv-00077, 2013 WL 5720355, at *3 (W.D. Va. Oct. 18, 2013).

"The policy underlying the first-to-file rule is the avoidance of duplicative litigation and the conservation of judicial resources." Id. (citation omitted). "Application of the rule is discretionary, not mandatory." Id. (citation omitted).  The Fourth Circuit "has no unyielding 'first-to-file' rule." CACI Int'l, Inc. v. Pentagen Techs. Int'l, Ltd., 70 F.3d 111, 1995 WL 679952, at *6 (4th Cir. 1995) (unpublished) (citing Carbide, 140 F.2d at 49 ("[T]he pendency of a prior suit involving the same issues does not require the dismissal of a suit for declaratory judgment.")).  "The rule is not absolute and is not to be mechanically applied; ultimately, invoking the first-to-file rule is an equitable, case-by-case, discretionary determination." Harris, 2013 WL 5720355, at *3 (citation omitted).  "Furthermore, exceptions to the rule are common 'when justice or expediency requires.'" Id. (citation omitted).

"Procedurally, the court first considers whether the two competing actions are substantively the same or sufficiently similar to come within the ambit of the first-to-file rule." Id.  "If they do, the court then considers whether any exception to the rule should be applied." Id. (citation omitted).  "To determine if there is sufficient similarity to bring the first-to-file rule

into play, courts have considered three factors: (1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake." Id. (citations omitted). "The actions being assessed need not be identical if there is substantial overlap with respect to the issues and parties." Id. (citation omitted).

"One final factor courts use in considering the applicability of the first-to-file rule is 'whether the balance of convenience weighs in favor of allowing the second-filed action to proceed.'" Id. at *5 (citation omitted). In determining the balance of convenience, courts look to the same factors relevant to transfer of venue pursuant to 28 U.S.C. § 1404(a). Nexsen Pruet, LLC v. Westport Ins. Corp., C/A No. 3:10–895–JFA, 2010 WL 3169378, at *2 (D.S.C. Aug. 5, 2010) (citations omitted). These factors are: "(1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice." Id. (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Landers v. Dawson Constr. Plant, Ltd., 201 F.3d 436 (4th Cir. 1999) (unpublished table decision)). The moving party bears the burden of clearly establishing that these factors favor transfer. Id. (citation omitted).

B.      Application of the First-to-File Rule in this Case

Eastern moves to dismiss, transfer, or stay this action pursuant to the first-to-file rule. (ECF No. 16.) Victaulic argues that the first-to-file rule is inapplicable, asserting that there are significant differences between the claims, parties, and available relief in this lawsuit and the first-filed Georgia action. (See, e.g., ECF No. 25 at 5-9.)

Upon review, the court finds that this case and the Georgia action are sufficiently similar to come within the purview of the first-to-file rule. Chronologically, the Georgia action was

first-filed on October 3, 2012, approximately nine and one-half (9½) months before this action was filed on July 15, 2013.  (See ECF No. 1; see also ECF No. 1 (Case No. 1:12-cv-03446-JEC (N.D. Ga. Oct. 3, 2012)).)  Although the parties in the two actions are not identical[3], the issues in both cases are substantially similar, arising from both the ownership of the Patents by Victaulic and allegations that Anvil, Mueller, and other companies have infringed on the Patents through the manufacture, sale, or usage of the SlideLok pipe coupling.  In this regard, if both cases are allowed to proceed, there is an opportunity to have potentially inconsistent rulings and conflicting decisions by this court and the Northern District of Georgia (Atlanta Division) on the question of infringement of the Patents.  Therefore, the court concludes that the foregoing favors application of the first-to-file rule.

Having decided that the first-to-file rule is applicable to this case, the court must next consider whether the "balance of convenience" nevertheless warrants dispensing with the first-to-file rule and litigating Victaulic's claims in this forum.  With reference to the general factors used to guide analysis of a motion to transfer venue under 28 U.S.C. § 1404(a), Victaulic asserts that this forum is more convenient because (1) it is Eastern's home district; and (2) Eastern's employees (and possibly former employees), business records, and customers with knowledge and information regarding Eastern's activities that induced customers to infringe on the Patents are most likely located in this district.  (ECF No. 25 at 12.)  However, Victaulic does not provide any specificity regarding the location of potential witnesses or relevant documents in this forum

---

[3] Victaulic is a party in this case and in the Georgia action.  Eastern is not a party to the Georgia action.  This lack of complete identicalness of the parties is not a bar to application of the first-to-file rule, so long as the issues in the two (2) cases substantially overlap, as they do here.  See, e.g., Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950–51 (5th Cir. 1997) (noting that "the fact that Syntek is not a party to the Original Action does not undermine the appropriateness of transfer in view of all the facts of this case."); Smart Techs., Inc. v. Polyvision Corp., C/A No. 3:04CV545, 2004 WL 6047007, at *3 (E.D. Va. Oct. 20, 2004) ("The first-filed rule does not require the parties to be identical, but merely similar.") (citing Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F. Supp. 2d 357, 360-61 (W.D.N.C. 2003)).

to accord this factor much weight in its favor.

Moreover, even if Victaulic's assertions are accepted as true, the interest of justice factor (i.e., promotion of judicial economy, avoidance of inconsistent judgments) "may be decisive in ruling on a transfer motion, even though the convenience of the parties and witnesses point in a different direction." Byerson v. Equifax Info. Servs., LLC, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) (citing Samsung Elecs. Co., Ltd. v. Rambus, Inc., 386 F. Supp. 2d 708, 716 (E.D. Va. 2005)).  In this regard, the court finds that the interest of justice factor offsets any convenience advantage this forum has over the Northern District of Georgia regarding the adjudication of this matter.  Therefore, the court concludes that the balance of convenience factors do not clearly favor this forum over the Northern District of Georgia.

Thus, having considered the relevant factors, the court finds that this case should be transferred to the Northern District of Georgia (Atlanta Division) pursuant to the first-to-file rule.

### III.  CONCLUSION

Upon careful consideration of the entire record and the arguments of the parties, the court hereby **GRANTS IN PART** the motion by Eastern Industrial Supplies, Inc. to dismiss, transfer, or stay the action; and **TRANSFERS** this case to the United States District Court for the Northern District of Georgia (Atlanta Division).

**IT IS SO ORDERED**.

J. Michelle Childs

United States District Judge

December 6, 2013
Greenville, South Carolina

7